### PEOPLE ex rel. HEALEY et al. v. BOARD OF FIRE COM'RS OF THE CITY OF AUBURN.

(Supreme Court, Appellate Division, Fourth Department. March 26, 1898.

1. CERTIORARI—INTEREST—MUNICIPAL CORPORATIONS—FIRE DEPARTMENT.
Since a volunteer fire association in the city of Auburn is dependent on a. board of fire commissioners, which, under Laws 1879, c. 53, § 134, as amended by Laws 1889, c. 199, has discretionary power as to the amount of money to be raised for fire purposes, and how it shall be expended, and which, by City Charter, § 133, as amended by Laws 1893, c. 226, is authorized to fix the sum to be allowed annually to each company, and since a member of such a company holds for no definite time, and is under no obligation to remain, he has no such personal interest therein (Code Civ. Proc. § 2127) as will enable him to maintain certiorari to review the action of the fire commissioners in disbanding a company.

2. SAME—POWERS OF FIRE COMMISSIONERS—DISBANDING COMPANIES.
The board of fire commissioners appointed under Auburn City Charter, which provides that the board shall prescribe regulations for the government of the chief and assistant engineers of the fire department (section 46), fix the sum to be allowed annually to each company, and have charge of all property in possession of the fire department (section 133, as amended by Laws 1893, c. 226), and shall estimate the cost of maintaining the fire de-

partment for each fiscal year (section 134, as amended by Laws 1889, c. 199), is empowered to take from a volunteer fire company its property and appliances, and withhold all compensation from it, and disband such company.

2. SAME—PROCEDURE.

Auburn City Charter, § 131, as amended by Laws 1895, c. 536, providing that the board of fire commissioners shall not dismiss individual members of the fire department for misconduct until charges are preferred and a hearing is had, does not apply to a proceeding by the commissioners to disband a volunteer company.

Certiorari by the people, on the relation of John C. Healey, Charles L. Sanford, and George Van Dyke, against the board of fire commissioners of the city of Auburn. Dismissed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

E. C. Aiken, for relators.
L. A. Pierce, for respondent.

FOLLETT, J. This proceeding was begun June 25, 1897, to review by a writ of certiorari the determination of the board of fire commissioners of the city of Auburn, made June 1, 1897, of which the following is a copy:

"Whereas, it appears, after due and careful deliberation, that the services of Letchworth Hose Company No. 2, C. N. Ross Hose Company No. 5, and Alert Hose Company No. 6 can be dispensed with, and the money that it takes to maintain said companies can be used to better advantage in other branches of the fire department: Now, therefore, resolved that on and after July 1, 1897, said Letchworth Hose Company No. 2, C. N. Ross Hose Company No. 5, and Alert Hose Company No. 6 shall cease to be a part of the Auburn fire department. Resolved, further, that the foremen of said companies be requested to turn over to the chief engineer of the Auburn fire department all property belonging to said department, in his custody or under his control, on or before said 1st day of July, 1897. Resolved, further, that the clerk of this board serve upon the foremen of Letchworth Hose Company No. 2, C. N. Ross Hose Company No. 5, and Alert Hose Company No. 6, a copy of these resolutions."

A copy of this determination was afterwards served on the foreman of each of said companies, which were volunteer organizations, which for some years had formed part of the fire department of the city. The writ was granted on the petition of a member of each of the companies, not in behalf of the companies, nor in behalf of the fire department, but solely for the protection of the alleged private interests of the three relators. The only allegations contained in the petition showing that any interest, private or public, has been affected by this determination, are the following:

"That each of said companies are composed of about twenty-five men, part of them appointed by the common council aforesaid, and since 1879 by the board of fire commissioners, and compose the volunteer department of said city, and that said companies have from the time of their organization been a part of the Auburn fire department; that each of said companies have been allowed and paid by said city the sum of two hundred dollars per annum. Your petitioners further show that they are and each of them is an active member of said fire department, appointed by the fire commissioners or common council of said city, for no definite period, and receiving pay from the amount allowed as aforesaid, by said city, to each of said companies."

The cases in which a writ of certiorari may be issued, upon whose application, and the procedure upon granting and hearing a writ, are

prescribed by article 7 of title 2 of chapter 16 of the Code of Civil Procedure:

"It can be issued in one of the following cases only: (1) Where the right to the writ is expressly conferred, or the issue thereof is expressly authorized by a statute. (2) Where the writ may be issued at common law, by a court of general jurisdiction, and the right to the writ or the power of the court to issue it, is not expressly taken away by a statute." Code Civ. Proc. § 2120.

There is no express statutory authority for issuing a writ to review the determination of the board of fire commissioners, and this writ must be supported, if at all, on the ground that it is authorized by common law. "An application for the writ must be made by, or in behalf of, a person aggrieved by the determination to be reviewed." Code Civ. Proc. § 2127.

The question arises whether these relators are persons aggrieved by the determination which they seek to review. By the allegations above quoted, it appears that the relators were appointed "for no definite period," and were under no obligation to continue to act as firemen for any time, and might quit the service whenever they chose. It is not asserted that the city or its board of fire commissioners is required by any statute to continue the payment of $200 to each of said companies, but, on the contrary, by section 134 of chapter 53 of the Laws of 1879 (the charter of the city of Auburn, as amended by chapter 199 of the Laws of 1889), the amount of money to be raised for fire purposes, and how it shall be expended, is a matter wholly in the discretion of the board of fire commissioners, except that the amount to be raised shall not exceed the sum of $16,000 (section 86, as amended by chapter 172, Laws 1897); and by section 133 of the charter, as amended by chapter 226 of the Laws of 1893, the board is expressly authorized to "fix * * * the sum to be allowed annually to each company." Under these sections, and the allegations contained in the petition, I am of the opinion that no private right of the relators has been in any wise impaired by the determination of the board, and that the relators are not aggrieved by the determination to be reviewed, and that the writ was improvidently issued upon their petition.

The relators insist that the board of fire commissioners is without power to dispense with the services of a volunteer fire company which shall be found to be unnecessary, and, in case it be held that the board has such power, that it can be exercised only after charges have been preferred and a hearing had. The charter provides that three fire commissioners shall be appointed for the city (section 4, as amended by chapter 172, Laws 1897), who shall hold office for three years (section 29, as amended by chapter 172, Laws 1897), and shall constitute a board of fire commissioners (section 131, as amended by chapter 226, Laws 1893), which board shall prescribe the rules and regulations for the government of the chief and assistant engineers of the fire department (section 46), fix the sum to be allowed annually to each company, and have charge of all the property in the possession of the fire department (section 133, as amended by chapter 226, Laws 1893), and that it shall have power to estimate the cost of maintaining the fire department for each fiscal year (section 134, as amended by chapter 199, Laws 1889), not exceeding $16,000 (section 86, as amended by chapter 172,

Laws 1897). There are no provisions in the charter authorizing any other board or body to exercise any control over the fire department or the property used by it, and the sole control of the fire department, and of the property used by it, is vested in this board. Under the charter, the board of fire commissioners has the power to determine the number of fire companies required for the protection of the city, which power implies the right to reduce the number of companies of the department. Express power is given to control the property and appliances of the fire department, and fix the amount to be paid annually to each company, and, under these provisions, the property and appliances of any company may be taken from its possession, and all compensation to the company withheld. It seems to me that it cannot be successfully contended that a board, having power to strip a company of all its fire apparatus and withhold from it all compensation, and thereby render the company powerless to perform any service in extinguishing fires, has not the power to disband it or dispense with its services. The board was not required to prefer charges against the companies, and give them a hearing, before making the determination. There is no provision in the charter for such a procedure. Section 131 of the charter, as amended by chapter 536 of the Laws of 1895, provides that individual members of the fire department shall not be dismissed from the service for misconduct by the board of fire commissioners until after charges have been preferred and a hearing had. But this section does not prescribe that such or that any particular steps shall be taken before the services of a company may be dispensed with.

The writ should be dismissed, with $50 costs against the relators. All concur.